## Frank H. Culver v. H. R. Allen Sr. Medical & Surgical Association.

1. RECEIVERS—*Compensation Within the Discretion of the Court.*— In the absence of any legislation regulating a receiver's salary or compensation, the matter is left entirely to the discretion of the court from which he derives his appointment.

Appeal from the Superior Court of Cook County: the Hon. JESSE HOLDOM, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed June 18, 1903.

William M. Johnson, attorney for appellant.

No appearance by appellee.

Mr. Justice Adams delivered the opinion of the court.

This is an appeal from an order fixing the compensation of appellant, as receiver, at the sum of $2,607.35. The appellant contends that in view of the services performed by him the compensation should have been greater. It appears from the record that appellant was receiver for the appellee from June 13, 1900, to November 30, 1901, a period of one year, five months and seventeen days; that he gave his whole time and attention to appellee's business during his receivership, and that, by various acts of economy, such as reducing the number of appellee's employes and also the number of rooms in which appellee did business, reducing the cost of treating patients, and himself appearing as his own solicitor in the matter of his receivership, he largely decreased the expenses of appellee, without decreasing its business; that in fact appellee's business was greater at the termination of his receivership than when he was appointed receiver.

Appellant states his account, as receiver, as follows :

| | | |
|---|---|---|
| Notes and accounts received.......$14,168.56 | | |
| Personal property received......... 4,249.66 | | |
| Notes and accounts taken by receiver........................ 35,325.00 | | |
| | | $53,743.22 |
| Amount expended................ 26,073.52 | | |
| Personal property turned over..... 4,249.66 | | |
| Notes and accounts turned over .... 23,420.04 | | |
| | | $53,743.22 |

It appears from a report of appellant that the manner in which appellee had conducted its business before he became receiver, was to make contracts with patients for treatment, and take their promissory notes in payment for the treatment; and that he, after he became receiver, did likewise, and received notes to the amount of $35,325. There is no evidence in the record of the value of the services performed by appellant, nor is there any evidence that the

notes said to have been received in payment for treatment are collectible, or of any value. Appellant, in his petition, asks that his compensation be fixed at ten per cent of $53,743.32, or at the sum of $5,374.32. The court fixed his compensation at ten per cent of $26,073.52, the amount of his disbursements. It is admitted by appellant that no fixed rule applicable to all cases can be laid down for determining the compensation to be allowed to a receiver. High says:

" In the absence, therefore, of any legislation regulating the receiver's salary or compensation, the matter is left entirely to the discretion of the court from which he derives his appointment." High on Receivers, 3d Ed., Sec. 781.

This seems to be the law. Chancellors are not generally business men, or acquainted with the usual and customary charges for business services; and it would seem that some evidence should be required of the value of the services for which a receiver claims compensation, and that the compensation should be fixed with reference to the evidence, keeping in mind the resources of the parties to the litigation in which the receiver was appointed. Such evidence would inform the mind and conscience of the chancellor. However, that the chancellor may himself fix the compensation without hearing evidence of the value of the services performed, is well established by precedent and authority. Estimating the time of appellant's receivership at eighteen months, the compensation allowed is $1,738.23⅓ per annum. The receiver was an officer of the court and the court necessarily supervised his acts and doings in the matter of his receivership, and was certainly in a better position than we are to decide what his compensation should be.

We find no sufficient ground for modifying the order appealed from, and it will be affirmed.